## 65587. CARTER v. THE STATE.

BANKE, Judge.

The probationary aspect of the defendant's sentence for violation of the Georgia Controlled Substances Act was revoked on evidence that he sold marijuana to an undercover agent of the Georgia Bureau of Investigation. In his sole enumeration of error and in reliance upon *Thornton v. State,* 238 Ga. 160 (2) (231 SE2d 729) (1977), the defendant contends that the state should have been required to disclose the identity of an informer whose tip led the agent to him and who was present when the sale took place. See generally Roviaro v. United States, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957). *Held:*

"Where a person merely takes an undercover police officer to a location and identifies, or introduces the officer to the defendant, and the officer arranges for and buys contraband from the defendant, and the person witnesses such sale, or alleged sale, such person is an informer and not a 'decoy' and a disclosure of his name, address, etc., to the defendant is not required as a matter of law . . . but rests in the discretion of the trial judge . . ." *Taylor v. State,* 136 Ga. App. 31 (2) (220 SE2d 49) (1975). See also *Howard v. State,* 144 Ga. App. 208 (3) (240 SE2d 908) (1977).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 14, 1983.

*John B. Thigpen, Sr.,* for appellant.
*C. Deen Strickland, District Attorney,* for appellee.