76908. CRUMBLEY v. THE STATE.
(375 SE2d 482)

BEASLEY, Judge.

Defendant was indicted and convicted of selling cocaine, OCGA § 16-13-30 (b). He appeals from the denial of his motion for new trial and assigns as error: denial of his pretrial motion to suppress identification testimony and the denial of his motion for a directed verdict on the same ground; refusal to direct the State to divulge the identity of a confidential informant; refusal to conduct a post-trial evidentiary hearing on whether the informant's identity should have been revealed.

1. Defendant's conviction was based on his sale of cocaine to an undercover GBI agent. He contends that the agent's trial identification of him was flawed because of suggestive pretrial identification procedures. About five months after the sale took place, the agent was shown two photographs, either one of defendant and one of another person or two different poses of defendant. The agent testified as to the former and his superior gave the latter version. Defendant was identified and contends that this viewing amounts to a one-on-one showup and tainted his identification at trial.

This procedure was followed as part of the routine intra-department investigation. This court has applied the *Neil v. Biggers,* 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), and *Manson v. Brathwaite,* 432 U. S. 98 (97 SC 2243, 53 LE2d 140) (1977), test to similar factual situations. See *Killens v. State,* 184 Ga. App. 717, 720 (3) (362 SE2d 425) (1987); *Bradley v. State,* 152 Ga. App. 902 (264 SE2d 332) (1980).

We therefore consider "whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." Id. at 903. The focus is on the second prong of *Neil,* supra, whether there was a very substantial likelihood of irreparable misidentification. Applying the five factors, *Woody v. State,* 166 Ga. App. 666, 667 (1) (305 SE2d 365) (1983), we conclude: 1) the agent-witness had ample opportunity to observe defendant, ten

minutes at the scene plus "seven or eight" times before then; 2) the agent paid attention to defendant's appearance and focused on defendant; 3) although the description did not match age, height and weight, defendant actually being older, taller and lighter, the agent testified that he would still describe defendant as he did in the absence of actual means of measure; 4) the agent was positive and certain in his identification of defendant, both when shown the pictures and at trial; 5) five months is a considerable lapse of time but not of such length as to undermine identification. There were sufficient indicia of reliability. *Killens*, supra; *Evans v. State*, 177 Ga. App. 820, 821 (1) (a) (341 SE2d 483) (1986).

2. The GBI agent was introduced to defendant by a "confidential informant." Defendant sought to have the informant's identity revealed but the trial court refused to compel it. Defendant contends this was error especially since he filed a motion under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

Where a motion to disclose is paired with a *Brady* motion, the trial judge must "(1) conduct a hearing on the *Brady* motion as to whether the State possesses information material to the guilt or innocence of the defendant, . . . and (2) if an informer's identity is required under the *Brady* standard, then the trial court must weigh the materiality of the informer's identity to the defense against the [S]tate's privilege not to disclose the identity of the informer." *State v. Martin*, 156 Ga. App. 554, 555 (275 SE2d 129) (1980) [physical precedent, paraphrasing *Thornton v. State*, 238 Ga. 160, 165 (2) (231 SE2d 729) (1977)]. "The appellant had the burden of showing how his case has been materially prejudiced" by the failure to disclose information. *Tribble v. State*, 248 Ga. 274 (280 SE2d 352) (1981); *Hicks v. State*, 232 Ga. 393, 396 (207 SE2d 30) (1974). The State responded and opened its files, defendant expressed satisfaction with discovery at the beginning of the trial, and he made no request for a hearing even after denial of his objection to the failure to disclose the informant's identity. *Hubbard v. State*, 173 Ga. App. 127, 128 (6) (325 SE2d 799) (1984).

There are three types of informants: tipsters, witnesses and participants. The identity of a tipster is absolutely privileged. If the informer is a witness or a participant the trial court must weigh the materiality, to the defense, of the informer's identity against the State's privilege of protecting the identity of informers. *Thornton*, supra; *Thornton v. State*, 239 Ga. 693, 694 (238 SE2d 376) (1977). "Where a person merely takes an undercover police officer to a location and identifies, or introduces the officer to the defendant, and the officer arranges for and buys contraband from the defendant, and the person witnesses such sale, or alleged sale, such person is an informer and not a 'decoy' and a disclosure of his name . . . to the defendant is

not required as a matter of law . . . but rests in the discretion of the trial judge." *Carter v. State*, 165 Ga. App. 427 (301 SE2d 658) (1983). Accord *Statiras v. State*, 170 Ga. App. 739, 740 (318 SE2d 156) (1984).

" . . . *Brady* does not establish an inflexible principle that requires the disclosure of informants' identities or of all evidence, but only that which is 'favorable to a defendant if the evidence is material to guilt or punishment.'" *Bennett v. State*, 153 Ga. App. 21, 27 (4) (264 SE2d 516) (1980). Nothing shows that the undisclosed informer's testimony would have been favorable to defendant. *Henderson v. State*, 162 Ga. App. 320, 322 (2) (292 SE2d 77) (1982); *State v. Martin*, supra.

The absence of an abuse of discretion yields no reversal.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED OCTOBER 27, 1988 —
REHEARING DENIED NOVEMBER 23, 1988.

*Garrett & Johnson, Peter D. Johnson*, for appellant.

*J. Lane Johnston, District Attorney, R. J. Martin, Assistant District Attorney*, for appellee.