A89A0559. REDDING v. THE STATE.
(383 SE2d 640)

BENHAM, Judge.

We granted appellant's petition for interlocutory review of the denial of his motion to suppress evidence that he committed burglary, rape, and aggravated sodomy. Appellant contends that the evidence, samples of his hair and blood, which link him to the crime scene and victim, was obtained as a result of a search warrant issued without probable cause because it was based on misrepresentations to the issuing magistrate, and that it was illegally executed. OCGA § 17-5-30.

It is undisputed that in preparing the affidavit in support of the search warrant, the affiant, Detective Rosser, made false statements and omitted certain facts about the victim's statements concerning appellant, and about appellant himself. For example, the detective stated that the victim said her attacker had a scar in the groin-abdomen area; actually, she referred to it as a one-half inch healed wound

a few inches above the hip. He also stated that "when [the victim] observed a photograph of [appellant], she stated that he looked similar to her assaulter." In fact, the detective had previously stated in his own report that when the victim saw appellant's photograph in the photo lineup, she stated that he resembled her attacker, "but it was not him." The trial court, following the standard set out in *Franks v. Delaware*, 438 U. S. 154 (98 SC 2674, 57 LE2d 667) (1978) (see, e.g., *Nutter v. State*, 162 Ga. App. 349 (291 SE2d 423) (1982)), found that the latter statement contained in the affidavit was knowingly false or made with reckless disregard for the truth, and so it excised the false statement but found that the remaining content of the affidavit was sufficient to establish probable cause. See *Kelly v. State*, 184 Ga. App. 337 (1) (361 SE2d 659) (1987). Compare *Daniels v. State*, 183 Ga. App. 651, 652 (359 SE2d 735) (1987).

In addition to the misstatements of fact that were made in the affidavit, appellant points to certain omissions that he claims were material, and argues that the *Franks* reasoning should be extended to those material omissions. In other words, in reviewing the sufficiency of the affidavit, the omitted material statements or information should be added to the affidavit to determine whether the warrant would still be supported by probable cause. See, e.g., *United States v. Ippolito*, 774 F2d 1482 (9th Cir. 1985). The majority of courts that have ruled on this question, one of first impression in our state, have taken this approach. We have previously intimated that exculpatory material is not required to be included in an ex parte application for a search warrant if no misconduct on the affiant's part has occurred. *Hayes v. State*, 182 Ga. App. 319 (1) (355 SE2d 700) (1987). Courts in other jurisdictions have interpreted *Franks* as meaning that "the proper procedure is to strike statements which have material omissions and then consider only the remaining affidavit," e.g., *United States v. Burke*, 490 FSupp. 855 (D. Fla. 1980). Following the approach taken in the latter jurisdictions, and relying in part on *Hayes*, the trial court refused to consider "other exculpatory information known to the affiant when making out the warrant (such as the fact that on two other occasions the victim had failed to identify [appellant] as her assailant)" and "exclude[d] all material statements which are either false as stated or misleading because they omit certain facts. . . ." As a result, the trial court concluded that appellant's motion to suppress should be denied.

After review of the case law and policy considerations, we adopt the interpretation of *Franks* utilized by the majority of courts, i.e., that the false statements be deleted, the omitted truthful material be included, and the affidavit be reexamined to determine whether probable cause exists to issue a warrant. *United States v. Ippolito*, supra, fn. 1. We reach this conclusion in the interest of (1) discovery of the

truth; (2) protection of individual and societal rights; and (3) assurance of proper conduct by law enforcement officers. Therefore, the trial court is instructed to review the reformed affidavit in accordance with this opinion, and to reconsider appellant's suppression motion in light of the reformation.

*Case remanded with direction. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 22, 1989.

*Stephen T. Maples, Gregory N. Crawford*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, R. Stephen Roberts, Assistant District Attorneys*, for appellee.