## A90A1452. DIXON v. THE STATE.
### (398 SE2d 428)

COOPER, Judge.

Appellant was convicted by a jury of aggravated assault, aggravated sodomy and kidnapping. On appeal, he enumerates as error the denial of his motion to suppress.

The evidence adduced at trial shows that on March 17, 1989, the victim delivered a pizza to appellant at his trailer. Appellant confronted the victim with a sawed-off shotgun and forced her inside his trailer. Appellant held the sawed-off shotgun to the victim's head and forced her to have oral sex with him. The victim was later able to escape to a nearby house, the police were called, and appellant was subsequently arrested. On the night of appellant's arrest, the police searched appellant's trailer with his consent, but nothing was found. The police searched the trailer pursuant to warrants on March 18 and March 20, and during the March 18 search, pieces of the victim's clothes were found but during neither search was the sawed-off shotgun found. On December 12, 1989, the morning of appellant's trial, a search warrant was issued based on the affidavit of one of the investigating officers that he had received information that day from a relia-

ble confidential informant who had personal knowledge that the sawed-off shotgun was concealed within the walls of appellant's residence. The search warrant was executed and a sawed-off shotgun was found in the exact location provided by the informant. After hearing evidence, the trial court denied appellant's motion to suppress the sawed-off shotgun.

Appellant contends that the search warrant was defective because the supporting affidavit did not include facts from which the magistrate could make an independent judgment as to whether or not the information was stale. Specifically, appellant urges that the affidavit did not contain the date of the offense. "Time is assuredly an element of the concept of probable cause. [Cit.] However, the precise date of an occurrence is not essential. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant. [Cit.]" *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984). The affiant/officer applied for the warrant on the same day that he received the tip. The informant was known by the officer to be reliable and had personal knowledge that the sawed-off shotgun was concealed within the walls of appellant's residence. Viewing the information provided to the magistrate as a whole, we find that there was a substantial basis for the magistrate's finding of probable cause that the sawed-off shotgun was located at appellant's residence. See *Jackson v. State*, 188 Ga. App. 834 (2) (374 SE2d 777) (1988).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 24, 1990.

*John R. Thigpen, Sr.,* for appellant.
*Harry D. Dixon, Jr., District Attorney, Deborah M. Perlis, Assistant District Attorney,* for appellee.

