## A94A1183. PETERS v. THE STATE.
(445 SE2d 290)

BLACKBURN, Judge.

Appellant, Keith Peters, was convicted in a bench trial of possession of marijuana with intent to distribute. In his sole enumeration of error, Peters contends the trial court erred in denying his motion to suppress. Specifically, Peters asserts the affidavit in support of the search warrant failed to establish probable cause because it contained falsehoods and omissions thereby misleading the magistrate as to the reliability of a confidential informant. We agree and reverse.

The only evidence presented to the magistrate in support of issuance of the warrant was the affidavit. The affidavit provides in pertinent part: "Within Thirty-Six (36) hours of January 27, 1993, affiant was contacted by S/A [Special Agent] Pete Stewart with the GBI. S/A Stewart stated that he received information from a confidential informant (CI) within seventy-two (72) hours of January 27, 1993. CI has in the past month observed Keith Peters possessing and selling marijuana from his residence at 422 Walker Dr., Monroe, Ga. This CI also stated it had an occasion to have a conversation with Keith Peters within the past thirty-six (36) hours of January 27, 1993. During that conversation Keith Peters told the CI he had marijuana at his residence for sale. *This CI has supplied information to S/A Pete Stewart of the GBI within the past three (3) months that has led to the seizure of a quantity of marijuana.* Keith Peters was unaware this conversation would be repeated to law enforcement by the CI.

The CI is a mature adult and is gainfully employed." (Emphasis supplied.) The affidavit further provides that within the last 12 months the affiant and another police officer had received numerous complaints from citizens that Peters was selling marijuana from his residence on Walker Drive, and that through independent investigation the affiant established the location and inhabitants of the residence in question.

At Peters' suppression hearing, the evidence established that the confidential informant had not acted as a confidential informant in the past and that the only information he provided to law enforcement officers leading to the seizure of marijuana was information which led to the seizure of his own marijuana on January 25, 1993. On that date, Special Agent Stewart, armed with a search warrant, went to the informant's residence, knocked on the door, and told the informant he had information that there was marijuana in the residence. The informant then consented to a search of his residence and took Agent Stewart to a safe in his bedroom where he kept his marijuana and opened the safe. The informant was arrested and asked to cooperate with law enforcement, and he was told his cooperation would be made known to the district attorney. The informant then provided the information which is the basis of the affidavit. Subsequently, the informant's identity was discovered by the defense.

Peters contends the statement in the affidavit regarding the previous seizure of marijuana and the omission of information regarding the seizure, arrest, and cooperation of the confidential informant constitute false statements and omissions made knowingly or with reckless disregard for the truth. Consequently, Peters argues that under the authority of *Franks v. Delaware*, 438 U. S. 154 (98 SC 2674, 57 LE2d 667) (1978), the perjured testimony cannot be used to establish probable cause, and therefore, the search warrant is invalid. See *Nutter v. State*, 162 Ga. App. 349 (291 SE2d 423) (1982).

We agree with Peters and find the statement and omissions complained of were knowingly false or made with reckless disregard for the truth and were essential to the establishment of probable cause.[1] See *Redding v. State*, 192 Ga. App. 87 (383 SE2d 640) (1989); *Daniels v. State*, 183 Ga. App. 651 (359 SE2d 735) (1987). In *Redding*, this Court adopted the rule that once a court determines an affidavit contains false statements or omissions as set out in *Franks*, "the false

---

[1] We reject the State's argument that the omissions were not a deliberate falsehood or reckless disregard for the truth because the affiant was trying to conceal the informant's identity. The record is devoid of any evidence that the affiant was trying to conceal the informant's identity. Additionally, we find the affiant could have provided the magistrate with information that the marijuana seized was the informant's and details of the subsequent arrest and cooperation of the informant without jeopardizing his confidentiality.

statements be deleted, the omitted truthful material be included, and the affidavit be reexamined [sic] to determine whether probable cause exists to issue a warrant." 192 Ga. App. at 88. In the case at bar, we find that if the affidavit included all the information regarding the seizure of the informant's marijuana and his subsequent arrest and cooperation with authorities, it would be insufficient to establish probable cause.

"Under the standard set forth by the United States Supreme Court in *Illinois v. Gates,* 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), probable cause may be predicated on an informant's tip only if, under the 'totality of the circumstances,' including the 'veracity' and 'basis of knowledge' of the informant, there is a 'fair probability' that contraband or evidence of a crime will be found in a particular place. While establishment of the informant's veracity and basis of knowledge is no longer an absolute requirement since *Gates,* veracity and basis of knowledge are still major considerations in the probable cause analysis, and this court continues to hold that an affidavit submitted in support of a search warrant must set forth sufficient facts from which the magistrate or judge can independently determine the reliability of both the information and the informant." (Citations and punctuation omitted.) *State v. Bryant,* 210 Ga. App. 319, 320 (436 SE2d 57) (1993).

We find the information regarding the seizure of the informant's marijuana and his subsequent arrest and cooperation with legal authorities does nothing to support, but rather vitiates, a finding of reliability of the informant. Additionally, any corroborating facts set out in the affidavit, including the affiant's corroborating statements regarding the inhabitants of the residence in question and its location, were insufficient to remedy this reliability defect. See *Bryant,* 210 Ga. App. at 321. Accordingly, the trial court erred in denying Peters' motion to suppress.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 26, 1994 —
RECONSIDERATION DENIED JUNE 8, 1994 — 

*Bruce S. Harvey, Pete C. Whitlock, Jr.,* for appellant.
*Alan A. Cook District Attorney, W. Kendall Wynne, Jr., Assistant District Attorney,* for appellee.