## A95A2145. PERKINS v. THE STATE.

(469 SE2d 796)

POPE, Presiding Judge.

After his motion to suppress evidence seized in a search of his home was denied, defendant David Perkins was convicted of manufacturing marijuana in Fannin County. On appeal, defendant asserts that the evidence should have been suppressed because the officer who obtained the search warrant (a) withheld information relevant to the confidential informant's ("CI's") reliability from the magistrate, and (b) relied in part on information he had obtained in an earlier, warrantless search. Concluding that probable cause for the search warrant existed regardless of the CI's initial reliability and even if we disregard the officer's observations in the earlier search, we affirm.

Defendant had two homes he inherited from his father; one was in Cobb County and one was in Fannin County. After an informant of unknown reliability reported that defendant was growing marijuana in both houses, Officer Cebula of Cobb County and Trooper Burch of Fannin County set up a controlled buy of marijuana at defendant's Cobb County home. They searched the CI and his car, gave the CI funds to use for the purchase of marijuana, followed him to the Cobb County home, and watched the CI enter the house and emerge a short time later. They then followed the CI back to a prearranged location, where the CI turned over to Officer Cebula an amount of marijuana. Based on an affidavit which included a description of the controlled buy, Officer Cebula obtained a search warrant for defendant's Cobb County home the following day. This warrant was executed, and the officers seized marijuana plants and related paraphernalia from an indoor marijuana "grow."

Trooper Burch then obtained a warrant to search the Fannin County residence. Burch's affidavit recited what the CI had told the officers about defendant's marijuana growing activities and related that Burch had been to the Fannin County home, smelled the odor of marijuana, observed that the lower level windows were all covered, and had seen large amounts of potting soil in plastic bags around the house. The affidavit did not describe either the controlled buy or the results of the warrant executed in Cobb County. Trooper Burch testified at the motion to suppress hearing, however, that he orally informed the magistrate that the Cobb warrant had been executed and a "grow" with numerous marijuana plants had been found. Trooper Burch executed the Fannin County warrant and seized 54 additional plants as well as processed marijuana and paraphernalia.

1. The question presented is whether, taking a common sense approach, the information presented to the issuing magistrate showed a reasonable probability that contraband would be found in the place to be searched. See *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823)

(1984). In this case, the controlled buy at the Cobb County home provided probable cause for the search of that residence; and the results of the search of defendant's Cobb County home, coupled with information from the CI (who could then be considered reliable as a result of the controlled buy and the earlier Cobb County search) that defendant was growing marijuana in both his homes, provided probable cause for the search of the Fannin County home.

2. Defendant contends the information provided the magistrate in support of the Fannin County warrant was insufficient because Trooper Burch failed to inform the magistrate that the CI had demanded and received money from the officers, and that the CI had a criminal record. Even under the common sense "totality of the circumstances" test of *Stephens*, an informant's reliability is a relevant consideration. *Poole v. State*, 175 Ga. App. 374 (1) (333 SE2d 207) (1985). Accordingly, officers seeking warrants should provide the magistrate with any information they have relevant to a CI's reliability or motivation, including criminal records and any payments made; and in some cases, if the information is material and the affiant knowingly or recklessly omits it, suppression of the seized material could result. See *Redding v. State*, 192 Ga. App. 87 (383 SE2d 640) (1989) (if material information is knowingly or recklessly omitted, the reviewing court should include it with other information provided the magistrate to determine whether probable cause to issue the warrant existed). As discussed above, however, the information directly known by the officers (i.e., the buy they set up and controlled, and the results of the Cobb County search) was sufficient to establish probable cause for the warrants at issue here, without the need to rely on any uncorroborated information from the CI.

3. Defendant also contends the information was insufficient because it included Trooper Burch's observations from an earlier visit to defendant's Fannin County home without a warrant. An officer may use whatever he perceives with his senses, but only if he is at a place he is entitled to be when he perceives it. See *Lewis v. State*, 126 Ga. App. 123, 126 (2) (b) (190 SE2d 123) (1972).

Despite the trial court's finding that Burch visited the home for the legitimate purpose of verifying the address and directions for the warrant, it is clear from Burch's testimony at the motion to suppress hearing that his primary purpose in approaching and walking around the house was investigation. Burch himself acknowledged this purpose, and a walk around the house after ascertaining that no one was home was not necessary to verify the address and directions. The State's reliance on *Gilreath v. State*, 247 Ga. 814 (1) (279 SE2d 650) (1981) is misplaced, as that case involved officers responding to a request to locate a missing person last seen at the house in question. Under those circumstances, the Supreme Court held that the officers

were entitled to go up to the door and knock without a warrant, and to go around the house and knock on other doors when no one answered at the front; but the Court specifically stated that "this is not to say . . . that a search of the curtilage in investigation of a crime is unobjectionable." Id. at 820. "A search is a quest for information and that is exactly what the [officer was] accomplishing when [he] entered" the area immediately surrounding defendant's Fannin County home. *Lewis*, 126 Ga. App. at 126. See also *State v. O'Bryant*, 219 Ga. App. 862 (467 SE2d 342) (1996).

Thus, Trooper Burch's observations regarding the odor, covered windows, and potting soil cannot be considered in evaluating the sufficiency of the information supporting probable cause. Again, however, these observations were not necessary to establish probable cause; the information provided the magistrate was sufficient even if these perceptions are disregarded. Accordingly, the warrant was valid and the trial court did not err in denying the motion to suppress, even though Trooper Burch's earlier investigation at the Fannin County residence was improper.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 8, 1996 —

*Alan J. Baverman*, for appellant.
*Roger G. Queen, District Attorney, Joe W. Hendricks, Jr., Assistant District Attorney*, for appellee.