A96A0443. KESSLER v. THE STATE.
(471 SE2d 313)

POPE, Presiding Judge.

Frank Kessler was convicted of two violations of the Georgia Controlled Substances Act. Here, he claims that the trial court erred in denying his motion to reveal the identity of the confidential informant, which was raised in the context of a motion to suppress challenging the sufficiency of a search warrant affidavit. We reject Kessler's argument and affirm.

On September 27, 1994, narcotics agent David Spillers swore out an affidavit in order to obtain a search warrant for Kessler's residence. In the affidavit, Spillers stated that he had reason to believe that Kessler was concealing certain drugs and drug-related articles at his residence. Spillers set forth his law enforcement and drug investigatory experience and stated that between September 18 and September 27, 1994, he had been contacted by an informant whom he considered reliable. Spillers stated that the informant said that he had observed Kessler with amphetamine powder and various items relating to the use and distribution of drugs.

Spillers stated that the informant was reliable in that he had previously provided information which led to the issuance of at least two search warrants; that the informant had provided information which led to the arrest of at least three persons for felony drug violations; and that the informant had provided information which led to the seizure of amphetamine powder and marijuana. Spillers stated that for at least three years, he had not known the informant to lie, and that everything the informant had told him during that time was true and correct. Spillers stated that the informant feared harm if its identity were made known and wanted to remain anonymous. The affidavit stated that the informant's directions to Kessler's premises and the description of the premises were true and correct. Spiller stated that he had also checked a directory, which corroborated the informant's information regarding the premises. Finally, Spillers stated that he had probable cause to believe that drugs were being kept at Kessler's premises.

On September 27, the warrant issued for a search of Kessler's person and property. The warrant was executed the same day, and in the ensuing search of Kessler's residence, several bags of methamphetamine, marijuana, and various devices associated with the distribution and use of such drugs were discovered. There is no allega-

tion that the informant was involved in the search in any manner. Based on the evidence seized, Kessler was charged with the two violations of the Georgia Controlled Substances Act for which he was subsequently convicted.

Kessler filed a motion to suppress in which he claimed that he knew the identity of the confidential informant. Kessler claimed that the informant had numerous prior felony and misdemeanor convictions, and that he and Kessler had been involved in an altercation the week before the search warrant was executed. Kessler argued that Spillers' failure to include this additional information about the informant in the affidavit constituted grounds for suppression of the evidence seized.

The court convened for a hearing on the motion and decided to grant leave for Kessler to file a motion for disclosure of the informant's identity and to hold the motion to suppress in abeyance until the motion regarding the informant's identity could be resolved. After conducting an in camera review of the State's file, which showed that the alleged informant had been convicted of a number of violations, including at least one felony, the court denied the motion to disclose the informant's identity. In doing so, the court concluded that the informant acted only as a mere tipster. The court found that because the informant was not present and did not participate in the execution of the search warrant, his identity was absolutely privileged.

Kessler then filed an amended motion to suppress. At the hearing on this motion, Officer Spillers testified that he did not recall giving any information to the magistrate, other than that contained in his affidavit. Kessler proffered certified copies of the informant's convictions, and the court denied the amended motion.

"In determining whether an affidavit sufficiently establishes the probable cause necessary for issuance of a warrant, we employ the 'totality of the circumstances' analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), and adopted by this court in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984). . . . Under that analysis, '(t)he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud(ing)" that probable cause existed.'" (Citations omitted.) *Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992).

Here, Kessler argues that the court erred in failing to grant his motion to reveal the informant's identity. Kessler contends that since

the magistrate was unaware that the informant was a felon, the magistrate was unable to make an independent determination of the informant's veracity. Kessler argues that since a felony conviction may be used to impeach a witness, the magistrate should have been made aware of the conviction in order to make a probable cause determination.

Pretermitting the issue of whether Kessler presented a prima facie case as to the informant's identity, we find his arguments without merit. Although we have not addressed the precise issue raised here, we have discussed the general guidelines for information which should be provided to the magistrate to enable him to make a determination of an informant's veracity. Generally, "[w]hile establishment of the informant's veracity and basis of knowledge is no longer an absolute requirement since *Gates*, veracity and basis of knowledge are still major considerations in the probable cause analysis, and this court continues to hold that an affidavit submitted in support of a search warrant must set forth sufficient *facts* from which the magistrate or judge can independently determine the reliability of both the information and the informant." (Citations and punctuation omitted; emphasis in original.) *State v. Bryant*, 210 Ga. App. 319, 320 (436 SE2d 57) (1993); see also *Smith v. State*, 218 Ga. App. 12 (460 SE2d 114) (1995).

"In *Galgano v. State*, 147 Ga. App. 284, 286 (248 SE2d 548) (1978), we discussed three types of information which should be furnished to a magistrate to enable the magistrate to determine whether an informant is reliable and trustworthy, i.e., the type of information previously supplied by the informant, the use to which the information was put and the elapsed time since the information was furnished. *Bowe v. State*, 201 Ga. App. 127, 130-131 (410 SE2d 765) (1991). We have also determined that it is not necessary in every case for all three of the factors to be shown as long as the magistrate has sufficient information to make an independent analysis." (Citations and punctuation omitted.) *Pitts v. State*, 212 Ga. App. 556 (1), 557 (442 SE2d 797) (1994).

Here, there was information regarding each of the three factors discussed in *Bowe v. State*. The affidavit stated that the informant had provided information which had been used previously in the issuance of warrants, arrests and seizures of contraband; it stated that Spillers had known the informant for three years and that the information he had previously given had been true; and it stated that the information given for the issuance of the warrant for Kessler's premises had been supplied over the previous nine days. The fact that the informant's felony history was not revealed to the magistrate is not determinative. Taking a common sense approach to the evaluation of the affidavit, we find that it was sufficient to demon-

strate the informant's reliability and the court properly denied the motion to reveal the informant's identity.

Furthermore, there is no contention that Spillers knew of the alleged altercation between Kessler and the informant. There is no evidence that the affidavit contained deliberate falsehoods, or that the affidavit was made with reckless disregard for the truth, or that Spillers had consciously omitted material information which, if it had been included in the affidavit, would have been indicative of the absence of probable cause. *Dale v. State*, 198 Ga. App. 479, 480 (4) (402 SE2d 90) (1991); compare *Redding v. State*, 192 Ga. App. 87 (383 SE2d 640) (1989). Moreover, even if the informant's omitted criminal history had been included in the affidavit, there was still sufficient evidence for the magistrate to determine that the informant was reliable and that probable cause existed. See generally *Perkins v. State*, 220 Ga. App. 524, 525 (2) (469 SE2d 796) (1996); compare *Peters v. State*, 213 Ga. App. 488 (445 SE2d 290) (1994). Although, as recognized in *Perkins*, the better practice would be to include this history in the affidavit, the omission here was not fatal and did not warrant revealing the informant's identity.[1]

This result is consistent with the rule that the identity of a tipster is privileged. *Crumbley v. State*, 189 Ga. App. 384, 385 (375 SE2d 482) (1988). *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), "does not establish an inflexible principle that requires the disclosure of informants' identities or of all evidence, but only that which is favorable to a defendant if the evidence is material to guilt or punishment." (Citations and punctuation omitted.) *Crumbley*, supra at 386. See also *Thornton v. State*, 238 Ga. 160 (231 SE2d 729) (1977). There was no showing that the evidence sought to be disclosed here was material to Kessler's guilt; accordingly the motion was also properly denied on this basis.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED MAY 10, 1996.

*Summer & Summer, Daniel A. Summer*, for appellant.
*Lydia J. Sartain, District Attorney, Denise M. Arenth, Assistant*

---

[1] This result comports with the reality of cases involving confidential informants and the fact that informants "frequently have criminal records and a history of contact with the police." *People v. Kurland*, 618 P2d 213, 224 (Cal. 1980). This reality is well known to magistrates. Mandating that this informant's identity be revealed so that his criminal history could be exposed would add little to the magistrate's deliberations.