A97A0130. HOCKMAN v. THE STATE.
(487 SE2d 102)

MCMURRAY, Presiding Judge.

Defendant filed this appeal after his conviction for trafficking in methamphetamine in violation of the Georgia Controlled Substances Act. Defendant challenges the denial of his motion to suppress, arguing that contraband found at his place of business was unlawfully seized pursuant to a search warrant that was inadequately supported by the affidavit of Narcotics Investigator Kelly Meredith. Investigator Meredith signed this affidavit on September 6, 1994, and the issuing magistrate signed the underlying search warrant on September 6, 1994.[1] Investigator Meredith's affidavit provides, in pertinent part, as follows:

"In the past three (3) days from Friday, September 2, 1994, a controlled purchase of methamphetamine (approximately 1 gram) was made from [defendant at his place of business] by a confidential reliable source; hereto referred to as 'Source A'. Source A's person and vehicle [were] searched by affiant prior to Source A's arrival at the aforementioned location and after the controlled purchase by Source A. No contraband was found before Source A's arrival for the controlled purchase, and the only contraband found after the controlled purchase was the contraband which was purchased with official Piedmont Northern M.A.N.S. currency. Affiant did follow Source A to the aforementioned location, watched Source A enter the aforementioned location, and followed Source A back to a pre-arranged meeting place after the controlled purchase.

"Source A is believed to be reliable due to the following reasons: (1) Source A approached law enforcement personnel and affiant of his own free will, with no apparent motive for falsification of the information given. (2) Source A is a mature person, has proven to be prompt in his contacts with law enforcement. (3) Source A gave information to law enforcement officers and affiant against his own penal interest. (4) Source A has a personal interest and rapport with [defendant]. (5) All information supplied to affiant and other law enforcement officers to this point has proven to be truthful and consistent.

"Independent investigation by affiant has revealed the following: (1) A check of the described location was made by affiant, and it was found that the information given by Source A was correct as to the description of the location. (2) A check with law enforcement officers in Barrow County, Georgia reveals that information has been given to those officers for a number of months that [defendant] was

---

[1] The search warrant was executed by law enforcement officers on September 8, 1994.

involved in illegal drug manufacture, possession, sell, and use, however, local law enforcement has not been able to get enough information to take actions on the information they had received. This information has been given to Barrow County law enforcement on more than one occasion, and by more than one person. (3) A check with Special Agent Robert Curbelo of the Gainesville, Ga. Drug Office of the Georgia Bureau of Investigation reveals that they have also received information that [defendant is] involved in the manufacture, distribution, sell, and use of illicit drugs. (4) Investigator John Thompson of the Piedmont Northern M.A.N.S. Unit advises affiant that he has also [had] a confidential informant to give him information which alleges that [defendant] has been and is currently involved in the manufacture, distribution, sell, and use of illicit drugs. . . ." *Held*:

1. "The question presented is whether, taking a common sense approach, the information presented to the issuing magistrate showed a reasonable probability that contraband would be found in the place to be searched. See *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984)." *Perkins v. State*, 220 Ga. App. 524 (1) (469 SE2d 796). While Investigator Meredith's affidavit in the case sub judice is replete with conclusory allegations which do not establish "Source A's" reliability, *Veasey v. State*, 113 Ga. App. 187 (3) (147 SE2d 515), the investigator's information regarding the controlled drug buy at defendant's place of business provided probable cause for a search of that establishment. *Perkins v. State*, 220 Ga. App. 524, 525 (2), supra. Defendant argues, however, that Investigator Meredith's general information as to the time of the controlled drug buy does not support the magistrate's judgment that illegal drug activity was a reasonable probability at defendant's place of business when the search warrant issued on September 6, 1994. See *Fowler v. State*, 121 Ga. App. 22 (172 SE2d 447). Defendant suggests the investigator's affidavit should have included the controlled drug buy's specific date and time. We do not agree.

" 'Time is assuredly an element of the concept of probable cause. (Cit.) However, the precise date of an occurrence is not essential. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant. (Cit.)' *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984)." *Dixon v. State*, 197 Ga. App. 369, 370 (398 SE2d 428). In the case sub judice, the issuing magistrate signed the warrant for a search of defendant's place of business on September 6, 1994. The probative facts alleged in Investigator Meredith's supporting affidavit indicate that defendant's place of business is a hub for illegal drug distribution. Under these circumstances, we find Investi-

gator Meredith's information that "Source A" executed a controlled drug buy at defendant's place of business "[i]n the past three (3) days from Friday, September 2, 1994 . . ." sufficient to authorize the magistrate's judgment that illegal drug activity was a reasonable probability at defendant's place of business when the search warrant issued on September 6, 1994.

We are concerned because Investigator Meredith's affidavit does not disclose that he was aware, when the search warrant issued, that "Source A" was a paid police informant and an admitted drug abuser. *Redding v. State*, 192 Ga. App. 87 (383 SE2d 640). "Even under the common sense 'totality of the circumstances' test of *Stephens*, [supra,] an informant's reliability is a relevant consideration. *Poole v. State*, 175 Ga. App. 374 (1) (333 SE2d 207) (1985). Accordingly, officers seeking warrants should provide the magistrate with any information they have relevant to a CI's [confidential informant's] reliability or motivation, including criminal records and any payments made; and in some cases, if the information is material and the affiant knowingly or recklessly omits it, suppression of the seized material could result. See *Redding v. State*, 192 Ga. App. 87[, supra] (if material information is knowingly or recklessly omitted, the reviewing court should include it with other information provided the magistrate to determine whether probable cause to issue the warrant existed)." *Perkins v. State*, 220 Ga. App. 524, 525 (2), supra. Although it appears in the case sub judice that Investigator Meredith did not provide the magistrate with all the information he had relevant to "Source A's" reliability or motivation, these relevant factual omissions are not fatal to the search warrant's vitality because the investigator independently affirmed that illegal drug activities were taking place at defendant's place of business. See *Perkins v. State*, 220 Ga. App. 524, 525 (2), supra. Consequently, the trial court did not err in denying defendant's motion to suppress.

2. The State's motion to dismiss this appeal is hereby denied.

*Judgment affirmed. Beasley, J., concurs specially. Smith, J., concurs in the judgment only.*

BEASLEY, Judge, concurring specially.

I concur in the ruling that the detailed information in the affidavit concerning the recent controlled drug purchase constituted sufficient probable cause for the issuance of the search warrant. I do not conclude that all of the other information constituted nothing more than conclusory allegations as to the informant's reliability.

We need not address whether the statements are supportive fact or inconsequential conclusions, either in toto or item by item, however, because of the sufficient base provided by the purchase controlled by the affiant. Of course, underlying facts must be set out, so

that the magistrate can make an independent determination of reliability and the appellate court, if called upon, can provide an informed review of whether the warrant issuance met constitutional requirements. *Caswell v. State*, 219 Ga. App. 787, 788 (466 SE2d 907) (1996). See *Keller v. State*, 169 Ga. App. 596 (314 SE2d 255) (1984) (reviewing court determines if magistrate had substantial basis to find probable cause); *State v. Jackson*, 166 Ga. App. 671 (305 SE2d 417) (1983) (affiant must give underlying facts).

DECIDED MAY 22, 1997.

Before Judge Adamson.

*Jeffrey R. Sliz*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.