A00A2147. ELOM v. THE STATE.
(546 SE2d 50)

POPE, Presiding Judge.

After his motion to suppress was denied, Elom was convicted for trafficking in cocaine and possession of a weapon during the commission of a crime. Elom contends that the court erred in denying his motion to suppress and that the court's rulings during the motion to suppress hearing hindered his attempt to show that the search warrant affidavit was based on false information.

1. A defendant may seek to suppress the evidence recovered pursuant to a search with a warrant if "the warrant is insufficient on its face, there was not probable cause for the issuance of the warrant, or the warrant was illegally executed." OCGA § 17-5-30 (a) (2). In determining whether an affidavit sufficiently establishes probable cause, "we employ the 'totality of the circumstances' analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), and adopted by this court in *State v. Stephens*, 252 Ga. 181 (311 SE2d

823) (1984). . . ." *Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992). Under that analysis,

> [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . (concluding)" that probable cause existed. [Cit.]

*Illinois v. Gates*, 462 U. S. at 238-239. "Once a motion to suppress has been filed, the burden of proving the lawfulness of the warrant is on the state and that burden never shifts." *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438) (1996). On appeal, the evidence is construed most favorably to uphold the findings and judgment of the trial court. *Lambright v. State*, 226 Ga. App. 424 (487 SE2d 59) (1997).

In this case, the warrant affidavit concludes that Elom and a black female occupied apartment 4-J of an apartment complex located in Jonesboro and that there was crack cocaine in the apartment or in one of three cars. Elom was arrested when the detectives executing the warrant saw him leave apartment 4-J, get in one of the cars, and leave. A search of the car revealed a .40 caliber weapon, about 900 grams of cocaine, and $24,000 in cash.

Elom contends that the warrant was based on information obtained from a confidential informant and that the informant was not reliable because he was paid for the information and he had a criminal record related to illegal drugs. He also asserts that this information was omitted from the officer's affidavit in support of the warrant and first came to light at the hearing on the motion to suppress.

Under the totality of the circumstances test, the reliability of the informant is a relevant consideration. *Perkins v. State*, 220 Ga. App. 524, 525 (2) (469 SE2d 796) (1996). And although attesting officers and magistrates should "make every effort to see that supporting affidavits reflect the maximum indication of reliability," *State v. Stephens*, 252 Ga. 181, 184 (311 SE2d 823) (1984), the absence of certain information, standing alone, such as the informant's felony history, *Kessler v. State*, 221 Ga. App. 368, 371 (471 SE2d 313) (1996), or the fact that he was a paid informant, *Hockman v. State*, 226 Ga. App. 521, 523 (1) (487 SE2d 102) (1997), is not determinative.

In this case the only evidence presented to the magistrate in sup-

port of issuance of the warrant was the affidavit.[1] The affidavit was based on information supplied to Agent Bridgeman, the attesting officer on the warrant, by a confidential informant and by another detective named Harris who had obtained his information from a second informant. The search warrant affidavit does not even attempt to provide a basis for concluding that Harris' informant was credible. And the only information in the affidavit concerning Bridgeman's informant's reliability was the statement that, "[t]he [informant] is believed to be reliable, because [informant] has led to the seizure of illegal substances within the past month which were being possessed in violation of Georgia law."

At the hearing on the motion to suppress, Bridgeman conceded that he did not have personal knowledge that the informant had given information leading to drug seizures in the past. Rather, he learned it from other officers in Clayton County. He also conceded that he knew that the informant had a criminal record at the time that he presented the affidavit to the magistrate, yet he did not put this information in the affidavit.

Given the fact that (1) the affidavit failed to mention that it was based on hearsay evidence from two confidential informants; (2) the affidavit failed to disclose that the one informant had a criminal background and was being paid for the information; (3) the affidavit had no information regarding the reliability of the second informant; and (4) the attesting officer had no personal knowledge of the reliability of either informant, the lone statement in the affidavit about one informant's credibility did not constitute sufficient facts from which the magistrate could independently determine the reliability of both the information and the informants. See, e.g., *Peters v. State*, 213 Ga. App. 488 (445 SE2d 290) (1994).

Even so, an informant may be found sufficiently reliable if portions of the tip are sufficiently corroborated. *Langford v. State*, 213 Ga. App. 232, 234 (1) (444 SE2d 153) (1994). For the corroboration to be sufficient to show reliability,

> the information corroborated must include a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to future actions of third parties ordinarily not easily predicted. In short, the information corroborated will generally need to be a prediction of future behavior, as in *Gates*, or something similar — that is,

---

[1] We note that deficiencies in the warrant affidavit may be overcome by testimony from the attesting officer at the magistrate court warrant hearing and that it is good practice to make a record of that hearing. *Powell v. State*, 170 Ga. App. 185, 186-187 (2) (316 SE2d 779) (1984). See also *Callahan v. State*, 179 Ga. App. 556, 561 (3) (347 SE2d 269) (1986).

inside information not available to the general public.

(Citations and punctuation omitted.) Id. at 235 (1).

The affidavit states that Bridgeman's informant provided the following information: (1) that he had been in apartment 4-J within the past 72 hours where he observed a white substance that a female occupant of the apartment represented was crack cocaine; (2) that he was familiar with crack cocaine; (3) that the female occupant drove a red Nissan 300 with tag number 2100XF; (4) that Elom drove a Honda Accord or a Chevrolet Impala; and (5) that Elom carried a semi-automatic firearm. In fact, Bridgeman's informant was *not* the source of the information that Elom occupied or was ever seen in apartment 4-J. Detective Harris' informant is the only source of that information. And Bridgeman never talked to that informant nor determined his reliability.

Bridgeman stated in the affidavit that his independent investigation revealed (1) that the Honda was owned by a person named Lowe who lived at the same complex in apartment 13-K; (2) that Elom lived in the "13" building of the complex; (3) that Elom was involved in an accident near the apartment complex only three days earlier while driving the red Nissan; (4) that Elom owned the Nissan but the title listed a Newnan address; and (5) that the Chevrolet was owned by someone named Roberts located at a different Newnan address. At the hearing, Bridgeman added that his own investigation revealed that Elom's address was in Newnan.

We fail to see how any of this information corroborates the information supplied by the informant sufficiently to establish his credibility. Rather, it would appear that much of the information he gave proved to be inaccurate. See *Peters*, 213 Ga. App. at 490. *Munson v. State*, 211 Ga. App. 80 (438 SE2d 123) (1993), relied upon by the State, is distinguishable. There, the attesting officer's investigation confirmed several key facts given by the informant. Id. at 82-83.

Accordingly, the trial court erred in denying Elom's motion to suppress.

2. With regard to Elom's second enumeration, our decision in Division 1 renders this enumeration moot.

*Judgment reversed. Miller and Mikell, JJ., concur.*

DECIDED FEBRUARY 26, 2001.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.