## A02A1189. WISE v. THE STATE.
(570 SE2d 656)

ELLINGTON, Judge.

An Athens-Clarke County jury convicted Franklin Leon Wise of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b), and possession of a firearm by a convicted felon, OCGA § 16-11-131. Following the denial of his motion for a new trial, Wise appeals, contending the trial court erred in denying his motion to suppress, in denying his motion to vacate the order denying his motion to suppress, and in admitting certain opinion evidence. Wise also contends the evidence was insufficient to convict him of possession with intent to distribute. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence showed the following: on October 9, 1998, pursuant to a tip from a confidential informant, Athens-Clarke County police officers obtained a warrant to search Wise's residence and his person. On October 15, 1998, police officers executed the search warrant and seized a solid slab of crack cocaine weighing four grams, 3.4 grams of powder cocaine, and a bag of marijuana from Wise's person, as well as two handguns, three scales, and several razors from Wise's residence. Wise filed a motion to suppress the evidence, contending the search warrant application, including the officer's affidavit, failed to provide information material to the magistrate's determination of the informant's reliability. The trial court denied the motion to suppress.

1. Wise contends the trial court erred in denying his motion to suppress in that the magistrate issued the search warrant based on a misleading affidavit. Specifically, Wise contends the affidavit failed to reveal that the informant used drugs and received payment for the information.

When reviewing a trial court's order concerning a motion to suppress evidence, we give substantial deference to the magistrate's decision to issue the warrant, and we construe the evidence in favor

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

of the court's decision that probable cause existed. *Roberson v. State*, 246 Ga. App. 534, 535 (1) (540 SE2d 688) (2000). See also *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994) (in reviewing denial of motion to suppress, appellate court must accept trial court's decision with regard to the questions of fact and credibility unless clearly erroneous).

Where issuance of a search warrant is based primarily on an informant's tip, the issuing magistrate must apply the "totality of the circumstances" test under *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), to determine whether there is probable cause for the search warrant.

> The task of the issuing magistrate [under *Gates*] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

(Citation and punctuation omitted.) *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984) (quoting from *Gates*). Under the totality of the circumstances test, the reliability of the informant is a relevant consideration. *Perkins v. State*, 220 Ga. App. 524, 525 (2) (469 SE2d 796) (1996). The magistrate should evaluate the informant's reliability based on the type of information previously supplied by the informant, the use made of that information, and the elapsed time since the new information was furnished. *Claire v. State*, 247 Ga. App. 648 (544 SE2d 537) (2001); *Mitchell v. State*, 239 Ga. App. 735, 736 (1) (521 SE2d 873) (1999). Although attesting officers and magistrates should "make every effort to see that supporting affidavits reflect the maximum indication of reliability," *State v. Stephens*, 252 Ga. at 184, we have upheld warrants where the officer failed to inform the magistrate that the informant had a felony history, *Kessler v. State*, 221 Ga. App. 368, 371 (471 SE2d 313) (1996); that the informant was a drug user, *Hockman v. State*, 226 Ga. App. 521, 523 (1) (487 SE2d 102) (1997) (physical precedent only); or that, in exchange for the information, the informant received payment, id., or favorable treatment in connection with pending charges, *Roberson v. State*, 246 Ga. App. at 536 (1).

In this case, the affidavit showed that the informant previously supplied information about drug dealers at least ten times within the preceding ten months which resulted in the seizure of drugs, that

officers had used the informant's tips to obtain warrants which resulted in at least ten arrests, and that the information in the subject warrant application was only a few days old. The only information *not* provided to the magistrate was the officer's payment of $20 for the information and the officer's unproven "gut feeling" that the informant himself used cocaine. Moreover, the record contains no evidence that the affidavit contained deliberate falsehoods, that the officer made it with reckless disregard for the truth, or that he "consciously omitted material information which, if it had been included in the affidavit, would have been indicative of the absence of probable cause." *Kessler v. State*, 221 Ga. App. at 371. Finally, even if the omitted information had been included, we conclude under the totality of the circumstances that the information in the affidavit provided the magistrate a substantial basis for concluding that probable cause existed for issuing the search warrant. The trial court accordingly did not err in denying Wise's motion to suppress. *Galvan v. State*, 240 Ga. App. 608, 609 (524 SE2d 297) (1999); *Kessler v. State*, 221 Ga. App. at 371.

2. Wise contends the trial court erred in denying his motion to vacate the order denying his motion to suppress in that the trial judge who entered the order was disqualified. At a calendar call nearly four months after the trial court denied Wise's motion to suppress, the prosecutor informed the first trial judge that in his prior employment before becoming a judge he had represented the State in proceedings against Wise. Specifically, the judge, in his previous employment as an assistant district attorney, appeared for the State when Wise entered a not guilty plea to a drug charge in 1991 — but did not represent the State when Wise later withdrew that not guilty plea and pled guilty. When apprised at the calendar call of his involvement in a prior prosecution of Wise, the first trial judge determined that he was disqualified from presiding over the case and recused himself. On the day of trial, Wise filed a motion to vacate the order denying his motion to suppress. The second trial judge denied Wise's motion on the basis that the motion was untimely and lacking in merit.

First, we are not persuaded that the motion to vacate was untimely. Although a motion to recuse must be filed within five days of discovery of the basis for recusal, Uniform Superior Court Rule 25.1, we have found no authority applying this five-day limitation to the filing of motions collateral to a trial judge's sua sponte recusal. Further, "a court retains broad discretion over interlocutory evidentiary rulings which may be modified at any time until entry of final judgment. See, e.g., *Tucker v. State*, 231 Ga. App. 210[, 213] (1) (b) (498 SE2d 774) (1998) (trial court may reverse a ruling on a pretrial suppression motion at any time during the pendency of the case)."

*Ritter v. State*, 272 Ga. 551, 553 (2) (532 SE2d 692) (2000). See also *State v. Marcus*, 206 Ga. App. 385 (1) (425 SE2d 351) (1992) ("The trial court may, within its sound discretion, consider anew a suppression motion previously denied.") (citations omitted).

Secondly, a judge is not automatically disqualified from sitting or acting in criminal cases merely on the ground that the judge, in prior employment, has previously prosecuted the defendant in unrelated criminal proceedings. *Gillman v. State*, 239 Ga. App. 880, 883 (2) (b) (522 SE2d 284) (1999) (trial judge's service as district attorney when defendant's previous guilty plea was entered did not require recusal). See generally Zitter, Prior Representation or Activity as Prosecuting Attorney as Disqualifying Judge from Sitting or Acting in Criminal Case, 85 ALR5th 471, § 7 (2001). Cf. OCGA § 15-1-8 (a) (3) ("No judge . . . of any court . . . shall . . . [s]it in any case or proceeding in which he has been of counsel [before his appointment as judge] . . . without the consent of all parties in interest."); *King v. State*, 246 Ga. 386, 389 (7) (271 SE2d 630) (1980) (citing Georgia Code of Judicial Conduct) ("A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where . . . he served as a lawyer in the matter in controversy.") (citations and punctuation omitted). In this case, the first trial judge did not represent the State in any aspect of the subject case or matter in controversy, that is, the 1998 charges against Wise. Accordingly, the circumstances did not require the first trial judge's recusal. *Gillman v. State*, 239 Ga. App. at 883 (2) (b).

Furthermore, even if recusal had been required, Wise identified no authority, and we have found none, for the argument that recusal by a trial judge invalidates preliminary rulings entered before the judge became aware of the basis for recusal. To the contrary, recusal of a trial judge, for reasons other than bias or prejudice regarding the parties in the case, does not invalidate earlier pretrial rulings of that trial judge. *Morrow v. Vineville United Methodist Church*, 227 Ga. App. 313, 319-320 (3) (489 SE2d 310) (1997). The trial court did not err in denying Wise's motion to vacate the order denying his motion to suppress.

3. Wise contends the trial court erred in admitting a police officer's opinion evidence that the amount of cocaine seized would typically be intended for distribution rather than for personal use. "In our view, knowledge of the amount of crack cocaine one would generally possess for personal use or the amount which might evidence distribution is not necessarily within the scope of the ordinary layman's knowledge and experience. Therefore, the testimony was properly admissible under OCGA § 24-9-67." (Citation omitted.) *Davis v. State*, 200 Ga. App. 44, 46 (2) (406 SE2d 555) (1991). The

foundation for the officer's qualifications as an expert included his extensive training in drug and vice investigation and undercover operations, his experience conducting many undercover operations, including "reverse sting" operations in which he posed as a drug dealer, and his experience executing thousands of search warrants. The trial court did not abuse its discretion in allowing the officer's opinion testimony after the State laid this foundation. *Tate v. State*, 230 Ga. App. 186, 188-189 (3) (495 SE2d 658) (1998).

4. Wise also contends the evidence was insufficient to convict him of possession with intent to distribute in that the evidence failed to exclude the hypothesis that Wise intended to consume, rather than to distribute, the cocaine. We disagree. The evidence, including the officer's testimony that the amount of cocaine was more than one would generally possess for personal use and Wise's possession of scales, weapons, and other items associated with the drug trade, was sufficient for a rational trier of fact to find Wise guilty beyond a reasonable doubt of possession with intent to distribute. *Bacon v. State*, 225 Ga. App. 326, 328 (483 SE2d 894) (1997).

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 29, 2002.

*James W. Smith, Earl D. Clark, Jr.*, for appellant.
*Kenneth W. Mauldin, District Attorney, Phillip C. Griffeth, Assistant District Attorney*, for appellee.