A07A0310. ROCHA v. THE STATE.
(644 SE2d 921)

SMITH, Presiding Judge.

On February 10, 2005, law enforcement officers executed a search warrant at David Anthony Rocha's Hall County apartment. They found 31 grams of methamphetamine, 4.3 ounces of marijuana, and scales, packaging materials, and other drug-related items. Following a bench trial, the trial court found Rocha guilty of trafficking in methamphetamine and possession of marijuana with intent to distribute. Rocha contends on appeal that the trial court erred in denying his motion to suppress because the affidavit submitted in support of the search warrant did not establish probable cause. We find no error and affirm.

> In deciding whether an affidavit creates sufficient probable cause for the issuance of a warrant, the issuing magistrate or judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

(Citation, punctuation and footnote omitted.) *Copeland v. State*, 273 Ga. App. 850 (1) (a) (616 SE2d 189) (2005). The search warrant in this case was supported by the February 2, 2002 affidavit of a Hall County sheriff's deputy. According to the affidavit, the deputy received information from a confidential informant who had been to Apartment 8C of the Harbour View Apartments on or between January 25 and February 2, 2005. While there, the informant saw a Hispanic male, first and last names unknown, in possession of methamphetamine. The deputy had known the informant for at least the past six months, and the informant had been truthful in his dealings with the deputy during this time. The informant had previously provided information to the deputy leading to the seizure of methamphetamine and marijuana and to the arrest of at least five persons for felony drug violations. According to the informant, the suspect drove an older model, brown Lincoln. The deputy drove by the Harbour View Apartments and saw an older model, brown Lincoln Towncar parked outside of Building 8. Further investigation showed that the car tag was in Rocha's name, that Rocha leased Apartment 8C, and that Rocha had been previously found guilty of marijuana possession.

Rocha claims that the affidavit supporting the issuance of the search warrant did not establish probable cause because the information provided by the confidential informant was not sufficiently corroborated. See, e.g., *Fiallo v. State*, 240 Ga. App. 278, 279 (523 SE2d 355) (1999) (confirmation that the accused lived where the untested informant said he did was not sufficient corroboration of illegal activity). However,

> the sufficiency of information obtained from an informant is not to be judged by any rigid test. Generally, probable cause is determined by the totality of the circumstances surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. A deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.

(Citation and punctuation omitted.) *State v. Hall*, 276 Ga. App. 769, 774 (624 SE2d 298) (2005). Here, the basis for the informant's knowledge was that he personally observed the methamphetamine at the address to be searched. See id. (grounds for informant's knowledge was strong in that he personally observed contraband before calling police). Evidence of the informant's reliability included that the informant had been known to the deputy for at least the previous six months and had proved truthful during that time, and that the informant had provided information to the deputy leading to the

seizure of contraband and to several drug-related arrests. See *Copeland*, supra, 273 Ga. App. at 852 (1) (a) (informant's reliability may be established by showing informant has in the past provided information leading to the seizure of contraband); *Crawford v. State*, 233 Ga. App. 323 (504 SE2d 19) (1998) (affidavit showed informant had been reliable in past by providing information leading to the arrest of 10-12 persons). Given that the contraband was personally observed by a reliable informant, the informant's tip was sufficient to establish probable cause without independent corroboration. See *Copeland*, supra, 273 Ga. App. at 852 (1) (a) (since evidence was sufficient for magistrate to conclude that the source was reliable, corroboration was not required).

Rocha further claims that the information in the affidavit was stale by the time the search warrant was executed. He points out that although the warrant was served on February 10, 2005, the affidavit shows that the informant saw Rocha with methamphetamine "on or between the dates of February 2, 2005, and January 25th, 2005."

> Time is assuredly an element of the concept of probable cause. However, the precise date of an occurrence is not essential. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant.

(Citations and punctuation omitted.) *Hale v. State*, 220 Ga. App. 667, 669 (2) (c) (469 SE2d 871) (1996). Here, the warrant was issued on February 2, 2005 and executed within ten days as required by OCGA § 17-5-25. That the informant had seen the methamphetamine up to nine days before the warrant was issued was sufficiently current to support a reasonable belief that the methamphetamine might yet remain on the premises. See *Hightower v. State*, 205 Ga. App. 305, 306-307 (1) (422 SE2d 28) (1992) (information not stale where, following two drug buys in May, informant saw drug activity on premises first week of October and warrant issued October 19); *Landers v. State*, 183 Ga. App. 691, 692-693 (2) (359 SE2d 748) (1987) (nine-day span before date of issuance of warrant in which informant purportedly observed illegal drugs did not render information stale); *Evans v. State*, 161 Ga. App. 468, 470 (1) (288 SE2d 726) (1982) (allegation of criminal activity within past ten days was current).

In light of the foregoing, the issuing judge had a substantial basis to conclude, given all the circumstances set forth in the affidavit, that there was a fair probability that contraband would be found at Rocha's apartment.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED APRIL 10, 2007.

*David Burroughs*, for appellant.
*Lee Darragh, District Attorney, Jennifer C. Bagwell, Assistant District Attorney*, for appellee.