## A08A0383. ZORN v. THE STATE.
(662 SE2d 370)

BARNES, Chief Judge.

Following a bench trial, Paul Lloyd Zorn was convicted of numerous drug-related offenses.[1] He appeals, arguing that the trial court erred in denying his motion to suppress evidence seized pursuant to a search warrant. For reasons that follow, we affirm.

Zorn's appeal focuses on the validity of the warrant authorizing the search in this case. In reviewing his challenge, we give substantial deference to the magistrate's decision to issue the warrant, and we construe the evidence in favor of the trial court's subsequent ruling that probable cause supported it. *Wise v. State*, 257 Ga. App. 211, 211-212 (1) (570 SE2d 656) (2002). So viewed, the record shows that on February 19, 2005, an officer with the Bartow County Sheriff's office received a telephone call from a confidential informant, who stated that approximately one hour before the call, he had seen five ounces of methamphetamine in the final stages of manufacturing at a particular residence. The informant described the residence, indicated that a large dog lived there, and stated that the individual involved in the manufacturing process was known as "Paul." When he received the tip, the officer had known the informant for 18 months and had worked with him in numerous cases where drugs had been seized, stolen property recovered, and fugitives arrested.

The officer located the residence and determined that a vehicle parked in the driveway was registered to Zorn at that address. He then prepared a search warrant application and supporting affidavit. In his affidavit, the officer described the house, stated that an

---

[1] The trial court found Zorn guilty of trafficking in methamphetamine, two counts of possessing methamphetamine, possessing a substance for the manufacture of methamphetamine, two counts of possessing tools for the commission of a crime, and possessing a firearm during the commission of a crime.

individual named "Paul" lived there, and gave a detailed account of the informant's tip. The officer also provided information about the informant's work with police over the past 18 months.

Finding probable cause that a crime had been or was being committed at the house, a magistrate judge issued a search warrant. The ensuing search revealed suspected methamphetamine, smoking devices, and items commonly used in the manufacture of methamphetamine. Police also apprehended Zorn trying to flee through a back window.

Zorn moved to suppress the evidence seized from the house, arguing that the information in the officer's affidavit did not authorize a search warrant. The trial court denied the motion following an evidentiary hearing. We find no error.

When presented with a search warrant application based primarily on an informant's tip, a magistrate must review the "totality of the circumstances" to determine whether there is probable cause for a warrant. *Wise*, supra, 257 Ga. App. at 212. This inquiry requires

> a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

Id. Thereafter, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id.

1. On appeal, Zorn claims that the magistrate lacked key information relating to the informant's reliability. He notes that the officer failed to tell the magistrate that the informant would be paid $20 if the tip led to an arrest. The officer also did not disclose the informant's past criminal history.

Undoubtedly, an informant's reliability is relevant to a magistrate's probable cause determination. Such reliability should be evaluated "based on the type of information previously supplied by the informant, the use made of that information, and the elapsed time since the new information was furnished." *Wise*, supra, 257 Ga. App. at 212. In preparing a search warrant affidavit, an officer must "make every effort" to include information that affects reliability. Id. A warrant, however, is not invalid simply because an officer leaves out potentially relevant information, such as the informant's payment status or criminal history. See id. Rather, we must consider whether the factual details given to the magistrate established a substantial basis for finding the informant reliable. See id. at 213.

In this case, the affidavit set forth the officer's past involvement with the informant. It specified that the officer considered the informant reliable and had known him for approximately 18 months, during which the informant had assisted the police with numerous drug arrests. The affidavit also noted that the informant had previously provided the officer with drug-related information that had been confirmed. And it specified that the current tip was furnished within the past three days.

The better practice would have been for the officer to include *all* information relating to the informant's reliability, including his payment status and criminal history. But nothing indicates that the officer's "affidavit contained deliberate falsehoods, that the officer made it with reckless disregard for the truth, or that he consciously omitted material information which, if it had been included in the affidavit, would have been indicative of the absence of probable cause." (Punctuation omitted.) *Wise*, supra, 257 Ga. App. at 213. Moreover, even if the officer had given this additional information to the magistrate, the informant's previous work with police would have provided a substantial basis for deeming him reliable. See id.

The absence of additional information, therefore, did not undermine the magistrate's reliability determination. Accordingly, the trial court properly denied the motion to suppress on this ground. See *Wise*, supra, 257 Ga. App. at 213; see also *Rocha v. State*, 284 Ga. App. 852, 853-854 (644 SE2d 921) (2007) (informant's reliability established based on prior work with police); *Carlton v. State*, 251 Ga. App. 339, 342 (2) (554 SE2d 318) (2001) (trial court properly denied motion to suppress items seized pursuant to search warrant; although supporting affidavit did not disclose informant's criminal record or payment status, these omissions were " 'offset by the other indicia of the informant's reliability' ").

2. In addition to challenging the informant's reliability, Zorn questions the reliability of the tip. He claims that the affidavit — and the tip — contained conclusory statements not supported by specific facts, negating the probable cause finding. We disagree.

On appeal, Zorn points to numerous facts or information that the officer could have — but apparently did not — obtain from the informant to strengthen or further corroborate the tip. But "the sufficiency of information obtained from an informant is not to be judged by any rigid test." *Rocha*, supra, 284 Ga. App. at 853. Although we lack information about why the informant was in the house, how long he was there, and what else he might have seen, the tip established that he personally observed methamphetamine being manufactured by an individual named "Paul" at the house where Zorn's vehicle was registered. Such information, combined with the

informant's reliability, "was sufficient to establish probable cause without independent corroboration." Id. at 854.

3. Finally, Zorn argues that the informant's tip was stale by the time the police executed the search. He claims that the officer waited 72 hours after receiving the tip to seek the warrant, and when police searched the residence, they did not find the quantity of almost-completed methamphetamine allegedly seen by the informant.

Time is certainly an element of probable cause. *Rocha*, supra, 284 Ga. App. at 854. Again, however, we do not apply rigid rules in determining probable cause or assessing a tip's timeliness. "Rather, the inquiry is . . . whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant." Id.

Based on the affidavit, the magistrate was authorized to conclude that, at some point within the previous three days, the informant had witnessed a methamphetamine-manufacturing operation at Zorn's house. Regardless of whether the methamphetamine seen by the informant was still in the house, the information provided a substantial basis for believing that, when the magistrate issued the warrant, methamphetamine was being manufactured there. The informant's tip was not "stale," and the trial court properly denied Zorn's motion to suppress. See *Rocha*, supra, 284 Ga. App. at 854 ("That the informant had seen the methamphetamine up to nine days before the warrant was issued was sufficiently current to support a reasonable belief that the methamphetamine might yet remain on the premises."); *Rogers v. State*, 274 Ga. App. 546, 547-548 (618 SE2d 166) (2005) (five-day-old information regarding receipt of marijuana supply "within a few days" was not stale); compare *Land v. State*, 259 Ga. App. 860, 862-863 (1) (578 SE2d 551) (2003) (because affidavit did not disclose when informant had seen methamphetamine in defendant's house, the tip did not provide a "reliable barometer of present criminal conduct").

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 21, 2008.

*Dennis C. O'Brien*, for appellant.
*T. Joseph Campbell, District Attorney, Elizabeth M. York, Assistant District Attorney*, for appellee.