**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 25, 2012

# In the Court of Appeals of Georgia

A12A0666. WILLIAMS v. THE STATE.

MILLER, Judge.

Following a jury trial, Bernard Carrode Williams was convicted of possession with intent to distribute methamphetamine (OCGA § 16-13-30 (b)). Williams appeals from the denial of his motion for new trial, contending that he received ineffective assistance of counsel because his trial counsel failed to file a timely motion to suppress. Finding no error, we affirm.

> In reviewing a trial court's ruling on an ineffective assistance of counsel claim, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. To prevail on a claim of ineffective assistance of trial counsel, a defendant bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency. To demonstrate deficient representation, a convicted criminal defendant must show that counsel's representation fell below

an objective standard of reasonableness. *Strickland v. Washington*, 466 U. S. 668, 688 [104 SC 2052, 80 LE2d 674] (1984).

(Citations and punctuation omitted.) *Thrasher v. State*, 300 Ga. App. 154 (684 SE2d 318) (2009).

Viewed in the light most favorable to the jury's verdict,[1] the evidence showed that upon receiving a tip from a confidential informant, police officers obtained and executed a warrant to search the residence occupied by Williams and his co-defendant. During their search, the officers found 11.01 grams of methamphetamine, digital scales, and packaging material consistent with drug sales and distribution. Williams was subsequently arrested and charged with possession of methamphetamine with intent to distribute, in violation of OCGA § 16-13-30 (b).

On the day of Williams's trial, he filed an untimely motion to suppress the evidence, contending that the search warrant application, including the supporting affidavit, was legally insufficient. The trial court refused to consider the motion to suppress since it was untimely filed. Following the presentation of evidence, the jury found Williams guilty of possession of methamphetamine with intent to distribute.

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LEd2d 560) (1979).

Williams contends that his trial counsel was ineffective for failing to file a motion to suppress the evidence found during the execution of the search warrant. Williams asserts that the search warrant was not supported by probable cause because it was issued based upon information provided by an informant who was not shown to be reliable, who did not have a sufficient basis of knowledge, and whose information was not sufficiently corroborated. We disagree.

"To establish ineffective assistance of counsel on the basis of counsel's failure to file a timely motion to suppress, [Williams] must make a strong showing that had the motion been considered, the damaging evidence would have been suppressed." (Footnote omitted.) *Brown v. State*, 311 Ga. App. 405, 407 (2) (715 SE2d 802) (2011).

> [A] defendant may seek to suppress evidence seized during a warrant search if the warrant was not supported by probable cause. Where the State seeks to establish probable cause through information provided by unidentified informants, the informants' veracity and basis of knowledge are major considerations in the probable cause analysis. An affidavit submitted in support of a search warrant must set forth sufficient facts from which the magistrate or judge can independently determine the reliability of both the information and the informant. In determining whether an affidavit provided sufficient probable cause, the issuing magistrate or judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying

3

hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

(Punctuation omitted.) *Land v. State*, 259 Ga. App. 860, 861 (1) (578 SE2d 551) (2003). Further,

[t]his Court's review of the magistrate's decision is limited to determining if the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant. Substantial deference is afforded to a magistrate's decision to issue a search warrant based on a finding of probable cause. And a presumption of validity attaches to an affidavit supporting a search warrant. Further, doubtful cases should be resolved in favor of upholding search warrants.

(Punctuation omitted.) *Williams v. State*, 303 Ga. App. 222, 226 (3) (692 SE2d 820) (2010).

Pretermitting whether trial counsel was deficient for failing to timely file a motion to suppress, Williams has failed to establish that he was prejudiced by such failure. Cf. *Brown*, supra, 311 Ga. App. at 407 (2). The record shows that the informant personally observed the methamphetamine at Williams's residence, establishing the informant's basis of knowledge. See *Rocha v. State*, 284 Ga. App. 852, 853 (644 SE2d 921) (2007) (basis of informant's knowledge was strong where here personally observed methamphetamine at the address to be searched). The informant's reliability was established by his personal observation, along with

4

evidence that the informant had provided the current tip within the past 72 hours and had previously supplied accurate information to police officers that lead to more than five arrests and the recovery of illegal narcotics. See *Zorn v. State*, 291 Ga. App. 613, 615-616 (1), (2) (662 SE2d 370) (2008) (informant considered reliable where he saw methamphetamine at defendant's house, furnished current tip within 72 hours, and had previously supplied drug-related information that had been confirmed); *Williams*, supra, 303 Ga. App. at 227-228 (3) (informant's reliability established where informant saw marijuana at defendant's residence, had promptly reported the information to police, and had previously provided information to officers that led to arrests and convictions). Given that the methamphetamine was personally observed by a reliable informant, the informant's tip was sufficient to establish probable cause without the need for independent corroboration. See, e.g., *Rocha*, supra, 284 Ga. App. at 854; *Zorn*, supra, 291 Ga. App. at 615-616 (2). Since Williams has not shown that the motion to suppress would have been granted had it been timely filed, he has failed to make the necessary showing to establish ineffective assistance of counsel. See, e.g., *Brown*, supra, 311 Ga. App. at 408 (2); *Davis v. State*, 267 Ga. App. 245, 246 (2) (599 SE2d 237) (2004).

*Judgment affirmed. Mikell, P. J., and Blackwell, J., concur.*

5