**FIFTH DIVISION**
**DILLARD, P. J.,**
**REESE and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 6, 2017**

# In the Court of Appeals of Georgia

A16A2031. MILLER v. THE STATE.

BETHEL, Judge.

Jumarkes Lee Miller appeals from the denial of his motion for a new trial. He argues that his trial counsel was ineffective for failing to file a particularized motion to suppress evidence obtained from an illegal traffic stop and for failing to present evidence at sentencing showing his previous guilty plea was marred by constitutional and procedural violations. We disagree and affirm because the actions of Miller's trial counsel did not fall below the objective standard of reasonableness with respect to the claimed deficiencies.

Following a conviction, we view the evidence "in the light most favorable to support the verdict," and the defendant "no longer enjoys a presumption of innocence." *Everhart v. State*, 337 Ga. App. 348, 348 (786 SE2d 866) (2016)

(quoting *Culver v. State*, 230 Ga. App. 224, 224 (496 SE2d 292) (1998)). Additionally, in evaluating claims of ineffective assistance of counsel, we accept the trial court's factual findings and credibility determinations unless they are clearly erroneous. *Williams v. State*, 316 Ga. App. 383, 383 (729 SE2d 517) (2012). So viewed, the evidence shows that on the evening of May 13, 2012, Miller entered a convenience store wearing a black mask and dark hooded sweatshirt and pointed a gun at the clerk, demanding money from the cash register. The clerk put the money into a bag, and the store supervisor testified that several packs of lottery tickets and nearly $700 in cash had been taken.

Miller then instructed the female clerk to accompany him to the back of the store for the stated purpose of deactivating the surveillance cameras. While in the back of the store, Miller touched the clerk's buttocks and began unbuttoning the front of her pants. This conduct ceased when a customer entered the store, and Miller directed the clerk to go take care of the customer. Miller then fled the premises.

Shortly thereafter, local law enforcement was alerted to "be on the lookout" ("BOLO") for a white sports utility vehicle ("SUV") that had been seen in the vicinity of the crime. A law enforcement officer who was conducting traffic enforcement through the use of a laser device (though his certification to do so had allegedly

2

lapsed) detected a white SUV exceeding the speed limit. Having received the BOLO and in light of the speed reading from his laser device, the officer stopped the white SUV that was being driven by Miller. Upon approaching the vehicle, the officer noted that Miller matched the description of the perpetrator who had robbed the convenience store and observed a ski mask hanging out of Miller's pocket. Looking through the front passenger window of the vehicle, another officer identified several items consistent with the crime in the front seat. After obtaining a warrant, police found a pellet gun, lottery tickets from the convenience store, and a black bag containing cash in Miller's vehicle. Miller was found guilty of armed robbery, kidnaping, false imprisonment, and sexual battery following a jury trial.

Miller's trial counsel employed an investigator in support of her defense preparation. The investigator generally handled the investigation of issues associated with the certification of law enforcement officers. Defense counsel did not indicate that she was aware that the officer who stopped Miller had allegedly failed to obtain his re-certification to use the laser speed detection device.

During the sentencing hearing, the State introduced evidence of Miller's prior guilty plea for felony armed robbery in the United States District Court for the District of South Carolina (the "District Court conviction"). Miller's trial counsel

objected, stating that there was no indication that Miller was advised of his *Boykin* rights. The trial court considered the conviction in sentencing anyway, and Miller filed a motion for a new trial, which the trial court denied following a hearing. Miller appeals.

"In reviewing a trial court's ruling on an ineffective assistance of counsel claim, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Williams v. State*, 316 Ga. App. 383, 383 (729 SE2d 517) (2012) (citation omitted). To prevail on a claim of ineffective assistance of trial counsel, Miller bears the burden of showing that trial counsel was deficient — that is, that trial counsel performed her duties "in an objectively unreasonable way, considering all the circumstances, and in the light of prevailing professional norms." *State v. Mobley*, 296 Ga. 876, 876 (770 SE2d 1) (2015) (citation omitted). This is no easy showing. As the United States Supreme Court has explained:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that

every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time . . . . There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland v. Washington*, 466 U.S. 668, 689-90 (III) (A) (104 SCt 2052, 80 LE2d 674) (1984) (citations omitted). The law recognizes a strong presumption that trial counsel performed reasonably, and Miller has the burden of overcoming this presumption. *Mobley*, 296 Ga. at 877. To carry that burden, Miller had to show that no reasonable lawyer would have done what his lawyer did or would have failed to do what his lawyer did not, or put another way, that his lawyer made errors so serious that she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* And most critically here, Miller must "show these things by competent evidence, for a silent or *ambiguous* record is not sufficient to overcome the strong presumption of reasonable performance." *Id.* (citation omitted) (emphasis supplied).

The defendant must also show that he was so prejudiced by the deficiency "as to create a reasonable probability that but for counsel's errors, the outcome of the trial would have been different. Failure to satisfy both requirements is fatal to an

5

ineffectiveness claim." *Everhart*, 337 Ga. App. at 353 (quoting *Mitchell v. State*, 250 Ga. App. 292, 295-96 (551 SE2d 404) (2001)). Finally, this Court will affirm a trial court's ruling on a claim of ineffective assistance of counsel unless it is clearly erroneous. *Cray v. State*, 291 Ga. App. 609, 611 (1) (662 SE2d 365) (2008).

1. Miller first argues that his trial counsel erred by failing to file a particularized motion to suppress evidence that resulted from an allegedly illegal traffic stop. More specifically, Miller argues that because the police officer conducting the traffic stop had a lapsed laser certification, he was not authorized to stop Miller. Further, any evidence obtained from that illegal stop was an unconstitutional seizure and should have been suppressed. Assuming without deciding that the stop was illegal, we do not find that Miller's trial counsel was ineffective for failing to file a motion to suppress.

We are not passing upon whether a motion to suppress would have prevailed if its denial were appealed to this Court. Rather, we are reviewing a claim of ineffective assistance of counsel. As such, we are compelled to evaluate the reasonableness of trial counsel's actions in choosing not to file a motion to suppress. At the hearing on Miller's motion for a new trial, Miller's trial counsel testified that she chose not to file a motion to suppress because she did not feel there were

6

adequate legal grounds to do so. And while she conceded that she could not recall whether she or anyone in her office investigated the arresting officer's laser re-certification, her office investigator was "very thorough in keeping track of those issues" because the office handles "a lot of cases . . . that involve those same officers." Trial counsel's reliance on her investigator to flag any issues with respect to the officer's certification was sufficient, even though he did not uncover the alleged lapse, and it does not constitute a failure to make a reasonable investigation that would constitute ineffective assistance of counsel. *See Poole v. State*, 291 Ga. 848, 858 (8) (734 SE2d 1) (2012).

> Strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments.

*Wiggins v. Smith*, 539 U.S. 510, 521-22 (II) (A) (123 SCt 2527, 156 LEd2d 471) (2003) (citations and punctuation omitted). Miller failed to carry his burden in showing that he received ineffective assistance because he could not present

7

sufficient evidence that his trial counsel's failure to file a motion to suppress was unreasonable. *Mobley*, 296 Ga. at 877.

2. Miller next argues that he received ineffective assistance when his trial counsel failed to present evidence at sentencing that showed that Miller's District Court conviction was marred by constitutional and procedural violations. In particular, Miller argues that his trial counsel erred by failing to obtain the plea transcript necessary to support his challenge during sentencing that he was not adequately advised of his *Boykin* rights with respect to that plea. We disagree and find that Miller's trial counsel exercised proper diligence in attempting to obtain the pertinent information.

"The constitutional right to the assistance of counsel means counsel who renders reasonably effective assistance, not errorless counsel and not counsel judged ineffective by hindsight." *Fegan v. State*, 154 Ga. App. 791, 792 (270 SE2d 211) (1980). Here, Miller's trial counsel did attempt to get the transcript on the District Court conviction but was told by the clerk that it was not in the file. Trial counsel also attempted to obtain the transcript from Miller's former counsel, but could not reach her. Nonetheless, during sentencing Miller's trial counsel objected on the grounds that there was no indication in the record that Miller had been advised of his *Boykin*

rights. Miller's trial counsel was aware of the issue, objected to that effect, and made a diligent effort in attempting to obtain the pertinent transcript to support her objection. We find no error in the trial court's determination that Miller's counsel did not act deficiently. *See Smart v. State*, 277 Ga. 111, 113 (5) (587 SE2d 6) (2003) (counsel was not ineffective where he made diligent efforts to locate a witness).

*Judgment affirmed. Dillard, P. J., and Reese, J., concur*.