**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 1, 2023**

# In the Court of Appeals of Georgia

A22A1554. SWANSON v. THE STATE.

BARNES, Presiding Judge.

Following his conviction for driving under the influence of alcohol to the extent that it was less safe for him to drive ("DUI less safe"), Joel K. Swanson appeals from the denial of his motion for new trial. Swanson contends that his trial counsel was ineffective in failing to object to testimony of a State's witness that allegedly went to the ultimate issue, to move for a mistrial when a State's witness allegedly commented on his right to remain silent, and to file a motion to suppress evidence of his refusal to submit to a State-administered blood test. For the reasons that follow, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the trial evidence showed the following.

On the evening of July 14, 2017, a witness was driving past Swanson's house in Murray County. She observed a white SUV in a ditch by the driveway and a man, later identified as Swanson, lying in the driveway. The witness pulled into the driveway and shouted out to Swanson to see if he was okay, but he only made a "grunting sound" and then stumbled towards his house. She called 911, and after she saw Swanson go into the house, she drove away. The witness later was called back to the scene and spoke with law enforcement about what she had observed.

Deputies with the Murray County Sheriff's Office responded to the witness's 911 call. When they arrived at the scene, the deputies found a white SUV that "appeared to have entered the ditch line of [Swanson's] property[,]" and to have had an accident either entering or exiting the driveway.

The deputies approached the front door of Swanson's home, and they looked through a window in the door and saw Swanson lying on the couch. When the deputies knocked on the front door to get his attention, Swanson had trouble

---

[1] See *Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

maintaining his balance as he came over to the door, and his speech was slow and slurred. Swanson had the keys to the SUV with him, and he appeared to be intoxicated and refused to identify himself to the deputies. The deputies detained Swanson out of concern for their safety, and a Georgia State Patrol Officer ("Officer") was called to the scene to continue the DUI investigation.

When the Officer arrived, he observed that Swanson was unsteady on his feet, that he had red, bloodshot eyes and slurred speech, and that he strongly smelled of alcohol. He also saw that Swanson's clothes were muddy. The Officer spoke with Swanson, who identified himself for the first time and admitted to having consumed alcohol. Additionally, the Officer went over to the ditch to look at the SUV, and he noted that the hood was still warm to the touch. Swanson's wallet with his driver's license in it was on the floorboard in front of the driver's seat, the car "reeked" of alcohol, and there was an unopened beer can in the vehicle. The license tag on the SUV was registered to Swanson. According to the Officer, no one else was present at the scene other than Swanson who could have driven the SUV.

Though Swanson initially refused medical assistance, Swanson later told the Officer that his head hurt, that he would in fact like medical assistance, and that he no longer wanted to talk with the Officer. Consequently, an ambulance was called to

3

the scene, and the Officer was unable to conduct any field sobriety tests. When the ambulance arrived to take Swanson to the hospital, the Officer informed Swanson he was under arrest for DUI, read him the implied consent notice for suspects over 21 years old, and requested a blood test. At the hospital, Swanson told the Officer he did not consent to a blood test and refused to take it.

Law enforcement officers subsequently were notified that Swanson had left the hospital on foot. They found Swanson sitting on the ground in front of a grocery store, where they detained him on the DUI charge and transported him to the jail.

At the ensuing jury trial, the witness who drove by Swanson's house and saw him in the driveway, one of the responding deputies, and the Officer testified to events as set out above. Additionally, the State introduced into evidence an audio-video recording from the camera in the Officer's patrol car. After the State rested, Swanson elected to testify and acknowledged that on the day in question, he had been under the influence of alcohol and had been in the SUV when it crashed, but he claimed that his girlfriend had been driving. Swanson did not call any defense witnesses.

The jury found Swanson guilty of DUI less safe. Swanson thereafter filed a motion for new trial, as amended, contending that his trial counsel rendered

ineffective assistance in several respects. Following a hearing in which Swanson's trial counsel testified, the trial court denied the motion, leading to this appeal.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was professionally deficient and that the deficiency prejudiced the outcome of the case. *Brown v. State*, 303 Ga. 617, 618-619 (2) (814 SE2d 364) (2018), citing *Strickland v. Washington*, 466 U.S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). With respect to the deficiency prong of the analysis, the defendant must establish "that his counsel's acts or omissions were objectively unreasonable, considering all the circumstances at the time and in the light of prevailing professional norms." *Brown*, 303 Ga. at 619 (2). And there is a strong presumption that the performance of counsel was reasonable. *Henry v. State*, 364 Ga. App. 307, 313 (c) (874 SE2d 852) (2022). With respect to the prejudice prong of the analysis, the defendant must show a reasonable probability that, but for counsel's deficient performance, a different outcome would have resulted. *Brown*, 303 Ga. at 619 (2). Courts need not address both deficient performance and prejudice where there is an insufficient showing on either prong. *Grier v. State*, 313 Ga. 236, 246 (4) (896 SE2d 423) (2022). Guided by these principles, we turn to Swanson's specific claims of ineffective assistance.

1. Swanson argues that his trial counsel was ineffective in failing to object to testimony of the Officer about accident investigations that allegedly violated the ultimate issue rule. Specifically, the Officer was asked: "So, when you arrive on the scene, that's when you make the determination whether you will do an accident investigation and/or additional DUI investigation?" The Officer testified in response:

> I'm going to say, to me, an accident investigation – every impact investigation involves some possibility of drugs or alcohol involved; you've ran off the road for some reason. Now it could be that you were texting or doing something else, but those two are kind of joined at the hip, if you know what I mean.

According to Swanson, the Officer's testimony went to the ultimate issue in the case and invaded the province of the jury, and his trial counsel was deficient in failing to object on that basis.

In arguing that the ultimate issue rule was violated, Swanson directs us to *Pyatt v. State*, 298 Ga. 742 (784 SE2d 759) (2016) in support of his argument. But *Pyatt* is of little support to Swanson because it was decided under Georgia's old Evidence Code. See id. at 746 (2), n. 7. Under the new Evidence Code, which is applicable in

6

this case,[2] the general rule is that "testimony in the form of an opinion or inference otherwise admissible shall not be objectionable because it embraces an ultimate issue to be decided by the trier of fact." OCGA § 24-7-704 (a). See *Fisher v. State*, 309 Ga. 814, 821 (3) (848 SE2d 434) (2020). There is an exception in the limited circumstance where an expert who is "testifying with respect to the mental state or condition of an accused in a criminal proceeding . . . state[s] an opinion or inference as to whether the accused did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto." OCGA § 24-7-704 (b). See *Washington v. State*, 313 Ga. 771, 776 (3) (d) (873 SE2d 132) (2022); *Taylor v. State*, 365 Ga. App. 30, 33 (877 SE2d 286) (2022) (per curiam). However, that exception clearly does not apply to the Officer's testimony, and Swanson therefore has failed to show that his counsel was deficient in failing to object on the basis of the ultimate issue rule. See *Young v. State*, 305 Ga. 92, 97 (5) (823 SE2d 774) (2019) ("The failure to make a meritless objection cannot serve as a ground for an ineffective assistance claim.").

---

[2] Swanson was tried in 2021. See Ga. L. 2011, p. 99, § 101 (new Evidence Code "shall become effective on January 1, 2013, and shall apply to any . . . trial commenced on or after such date").

Nor has Swanson met his burden of showing prejudice. The evidence against Swanson, although circumstantial, was very strong. In this respect, Swanson was observed lying on the ground near his wrecked SUV, the hood of which was still warm and the interior of which smelled of alcohol; Swanson by his own admission was under the influence of alcohol and was in the SUV when it crashed; Swanson's wallet and driver's license were found on the floorboard of the driver's side of the SUV; and the Officer testified that there was no one else present at the scene who could have driven the SUV. In addition to the strong evidence of Swanson's guilt, the Officer's complained-of testimony concerned accident investigations in general, and the Officer noted only the "possibility" of drugs or alcohol being involved when there is an accident. Indeed, the Officer later further qualified his testimony about what can cause an accident:

> Now, from my professional opinion, it can be just as well as – it can be texting. It can be somebody trying to pour a drink, it could be a lot of things. So, . . . you have to stop them and then investigate. You can't make an assumption that somebody is impaired without really evaluating them and looking them over – looking over the situation.

And even if the Officer's testimony could be construed as reflecting his personal beliefs about what occurred in this case, "any rational juror would have guessed that

8

the [Officer] believed as much without being told. As we have explained before, such comments upon the patently obvious generally pose little, if any, danger of prejudice." (Citations and punctuation omitted.) *Thompson v. State*, 304 Ga. 146, 153-154 (9) (816 SE2d 646) (2018). Accordingly, Swanson has not shown a reasonable probability that the result of the trial would have been different in the absence of the Officer's challenged testimony. See id. at 153 (9) (concluding that defendant could not show that detective's testimony was harmful, given that the detective's personal beliefs about the case "would have come as no surprise to the jury"); *Bates v. State*, 313 Ga. 57, 68-69 (2) (d) (867 SE2d 140) (2022) (concluding that trial counsel's failure to object to ultimate issue testimony was not prejudicial given the strength of the evidence against the defendant).

2. Swanson also maintains that his trial counsel was ineffective in failing to object to testimony of the Officer about field sobriety tests that allegedly went to the ultimate issue and invaded the province of the jury. In this regard, during the course of his testimony, the Officer explained various standardized field sobriety tests that can be performed on a suspect and then included, "Is it required to do these to convict somebody of DUI? No." According to Swanson, the Officer's comment that field

9

sobriety tests are not necessary for a DUI conviction violated the ultimate issue rule, and his trial counsel was ineffective in failing to object to that testimony.

It is true that while a witness generally may testify to an ultimate issue of fact, he "may not testify as to his opinion regarding ultimate legal conclusions." (Citation and punctuation omitted.) *Fireman's Fund Ins. Co. v. Holder Constr. Group*, 362 Ga. App. 367, 374 (1) (b) (868 SE2d 485) (2022). See Paul S. Milich, Ga. Rules Of Evidence § 15:1 (Oct. 2022 update) ("It . . . is not helpful to the trier of fact for witnesses to express their opinions using legal terms or to offer legal conclusions.") (footnotes omitted); *United States v. Milton*, 555 F2d 1198, 1203 (5th Cir. 1977) ("Rule 704 abolishes the per se rule against testimony regarding ultimate issues of fact. By the same token, however, courts must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the court in charging the jury regarding the applicable law.").[3] However, even if the Officer's

---

[3] "OCGA § 24-7-704 (a) materially tracks its counterpart in the Federal Rules of Evidence; we therefore look to the decisions of the federal appellate courts, particularly the Eleventh Circuit, for guidance in applying this provision." *Thornton v. State*, 307 Ga. 121, 128 (3) (c), n. 7 (834 SE2d 814) (2019). See *Olds v. State*, 299 Ga. 65, 73 (2), n. 12 (786 SE2d 633) (2016) ("After the Eleventh Circuit was carved out of the old Fifth Circuit, the Eleventh Circuit adopted all decisions of the former Fifth Circuit rendered prior to October 1, 1981 as binding precedents. The decisions of the former Fifth Circuit are, therefore, part of the decisional law of the Eleventh Circuit.") (citation omitted).

testimony was objectionable and trial counsel was deficient in failing to object, Swanson has failed to prove prejudice.

As previously noted, the evidence against Swanson was very strong. Furthermore, the Officer's testimony regarding field sobriety testing was a correct statement of the law[4] and thus did not mislead the jury about the law applicable in this case. Additionally, the jury was instructed that, in deciding whether a driver was under the influence of alcohol to the extent that it was less safe for him to drive, the jury could "consider anything – any evidence that you find relevant in deciding whether the defendant was a safe driver," including "*among other factors*" whether "any tests indicated the presence of alcohol in the defendant's system." (Emphasis supplied.) Thus, the instructions to the jury made clear that evidence of testing was not dispositive in determining the defendant's guilt, and we presume that jurors follow the instructions of the trial court. See *Womac v. State*, 302 Ga. 681, 683 (2) (808 SE2d 709) (2017). Given the strength of the evidence, the fact that the Officer's testimony did not misstate the law, and the fact that the jurors were properly instructed on what evidence they could consider, we conclude that Swanson cannot

---

[4] See, e. g., *Coghlan v. State*, 319 Ga. App. 551, 554 (1) (737 SE2d 332) (2013) (concluding that evidence was sufficient to support DUI conviction, "[d]espite the lack of any evidence of field sobriety evaluations").

establish a reasonable probability that the result of the trial would have been different if his counsel had objected to the testimony.

3. Swanson next contends that his trial counsel was ineffective in failing to move for a mistrial in response to certain testimony from the Officer. Specifically, in the course of providing a lengthy answer about the accident investigation, the Officer commented that Swanson "doesn't deny the vehicle is not his. He doesn't deny that he was not driving. I asked him if he was driving and he said, I would rather not answer[.]" According to Swanson, his counsel should have objected and moved for a mistrial because the Officer's testimony constituted an impermissible comment on his right to remain silent.

To establish that his trial counsel was deficient, Swanson must "overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." (Citation and punctuation omitted.) *Priester v. State*, 350 Ga. App. 200, 205 (4) (828 SE2d 439) (2019). And here, the trial transcript reflects that Swanson's trial counsel in fact began to object when the Officer made the aforementioned comment, at which point the prosecutor interrupted counsel and instructed the Officer not to "go[ ] into what anybody said to you" and moved on to questioning him about the condition of Swanson's clothing. Swanson's trial counsel

12

did not object further once the prosecutor refocused the Officer and moved on to questioning him about other aspects of the investigation. "Trial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Citation and punctuation omitted.) *McNair v. State*, 296 Ga. 181, 184 (2) (b) (766 SE2d 45) (2014). Pretermitting whether the Officer's comment was objectionable, we conclude that Swanson has failed to show that his trial counsel's decision to forego any further objection after the prosecutor quickly refocused the Officer and went on to other topics was so patently unreasonable that no competent attorney would have made the same decision.[5] See, e.g., *Gaston v. State*, 307 Ga. 634, 642 (2) (c) (837 SE2d 808) (2020) (concluding that

---

[5] While Swanson's trial counsel testified at the hearing on the motion for new trial that she should have further objected to the Officer's comment and moved for a mistrial,

> [t]he fact that trial counsel . . . admits in hindsight [she] should have objected is of no consequence to our assessment. As we have explained, hindsight has no place in an assessment of the performance of trial counsel, and when evaluating deficient performance, the proper inquiry is focused on what the lawyer did or did not do, not what [she] thought or did not think. The proper assessment is an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind.

(Citations and punctuation omitted.) *Hartsfield v. State*, 294 Ga. 883, 888 (3) (b) (757 SE2d 90) (2014).

counsel's decision to forego renewing objection was not patently unreasonable, "as there were strategic reasons for deciding not to renew the objection[,] [n]amely, such objection would have drawn the jury's attention to the testimony"); *Caylor v. State*, 255 Ga. App. 362, 365 (3) (566 SE2d 33) (2002) (concluding that "trial counsel's actions in choosing not to object . . . to avoid calling attention to [the defendant's] assertion of his right to remain silent [was] strategic in nature and [did] not equate with ineffective assistance of counsel"). Consequently, Swanson failed to meet his burden of proving the deficiency prong of the ineffective assistance analysis.

Swanson also has failed to prove that he was prejudiced by the Officer's alleged comment on his right to remain silent. The Officer's comment was made in passing as part of a larger narrative about his investigation and was immediately redirected by the prosecutor when Swanson's trial counsel began to raise an objection. It also bears repeating that the evidence against Swanson was very strong. Moreover, Swanson does not challenge the introduction of the audio-video recording from the Officer's patrol car into evidence at trial, and the recording includes audio footage of the Officer talking with Swanson. Under these circumstances, Swanson has failed to show a reasonable probability that the outcome of the trial would have been different, but for his trial counsel's alleged deficiency. See *Payne v. State*, 314 Ga.

14

322, 330 (3) (b) (877 SE2d 202) (2022) (concluding that no prejudice resulted from counsel's failure to object to certain challenged testimony, where the testimony was cumulative of other evidence introduced at trial, the admission of which the defendant did not challenge); *Whitaker v. State*, 291 Ga. 139, 142 (2) (728 SE2d 209) (2012) (concluding that the defendant was unable to show that his trial counsel's failure to object to comments about the defendant's silence was prejudicial, given the strength of the evidence of the defendant's guilt); *Mayberry v. State*, 301 Ga. App. 503, 511 (4) (687 SE2d 893) (2009) (concluding that defendant failed to show prejudice resulting from trial counsel's failure to object to allegedly improper comment on the defendant's silence, where the comment was "simply a passing reference during an otherwise lengthy . . . examination" and was an "isolated" rather than repeated reference) (citation and punctuation omitted); *Hines v. State*, 277 Ga. App. 404, 408 (2) (626 SE2d 601) (2006) ("Improper reference to a defendant's silence does not automatically require reversal or mandate a finding of ineffective assistance of counsel.") (citation and punctuation omitted). Swanson therefore cannot establish ineffective assistance of counsel on the asserted ground.

4. Swanson claims that his trial counsel was ineffective in failing to seek suppression of evidence that he refused to take the State-administered blood test

15

requested by the Officer. However, in contrast to a refusal to take a breath test, admission of a defendant's refusal to consent to blood testing does not implicate the constitutional right against self-incrimination and is admissible. See *State v. Johnson*, 354 Ga. App 447, 456 (1) (b) (841 SE2d 91) (2020). Ineffective assistance premised on a failure to file a motion to suppress requires a strong showing that the motion would have been granted. *Williams v. State*, 316 Ga. App. 383, 384 (729 SE2d 517) (2012). Because Swanson cannot make such a showing, his ineffective assistance claim fails.

5. Lastly, we consider the cumulative effect of prejudice resulting from any deficiencies in trial counsel's performance. See *Woods v. State*, 312 Ga. 405, 411 (3) (a) (862 SE2d 526) (2021). In light of the strong evidence of Swanson's guilt, "the cumulative prejudice from any assumed deficiencies discussed [above] is insufficient to show a reasonable probability that the results of the proceedings would have been different in the absence of the alleged deficiencies." (Citation and punctuation omitted.) *Mitchell v. State*, 308 Ga. 1, 9 (2) (f) (838 SE2d 820) (2020).

Accordingly, for all of the aforementioned reasons, Swanson's claims of ineffective assistance fail and the denial of his motion for new trial is affirmed.

*Judgment affirmed. Brown and Hodges, JJ., concur.*

16